(No. 5187

GOEDDE LUMBER COMPANY, AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1965.*

WAGNER, CONNER, FERGUSON, BERTRAND AND BAKER, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

On or about May 29, 1957, claimant entered into a lease with the Illinois Public Aid Commission pertaining to part of the premises owned by claimant in East St. Louis, Illinois.

The lease provided in part that claimant would "furnish light and water until such time as a refrigeration unit or other installation requiring an unusual use of water and electricity was installed, at which time the rental was to be adjusted for electricity and water used above normal requirements." The Illinois Public Aid Commission thereafter installed in and on the leased premises refrigerators, coolers, freezers, air conditioners, blowers, and other equipment requiring an unusual use of electricity above the normal requirements for electric light. Respondent maintained said equipment in and on the leased premises during all of the term of said lease, which commenced on July 1, 1957 and terminated on June 30, 1959. The lease was subsequently renewed for the period commencing July 1, 1959 and terminating on June 30, 1961, and again for the period beginning on July 1, 1961 and ending on June 30, 1963.

In its complaint, claimant alleges that it incurred additional electrical expenses during the running of the lease as follows:

| | |
|---|---|
| July 1, 1957 – June 30, 1958 | $ 230.85 |
| July 1, 1958 – June 30, 1959 | 340.71 |
| July 1, 1959 – June 30, 1960 | 251.86 |
| July 1, 1960 – June 30, 1961 | 481.88 |
| July 1, 1961 – June 30, 1962 | 444.26 |
| July 1, 1962 – June 30, 1963 | 743.66 |
| | $2,493.22 |

Claimant further alleges that there is now due and owing it from respondent the total sum of $2,493.22, as indicated above, and brings this action to recover said amount.

A written stipulation was entered into between claimant and respondent by their respective attorneys, which in part is as follows:

"The report of the Illinois Department of Public Aid to the Illinois Attorney General, dated January 5, 1965, (a copy of which is attached hereto, marked exhibit A and, by this reference, incorporated herein and

made a part hereof) shall be admitted into evidence in this proceeding without objection by either party.

"Claimant has waived, and does hereby waive any and all claim, as alleged in its petition, to interest on the claim from and after October 28, 1963, or any other date, and the parties agreed that leave may be granted claimant to amend its petition by interlineation to delete any and all reference to or demand for any such interest.

"Neither party objects to the entry of an order in favor of claimant and against respondent in the sum of $2,493.22."

The report of the Department of Public Aid, referred to in the stipulation, and signed by Gershom Hurwitz, Assistant to the Director, acknowledges the allegations contained in claimant's petition, and states that no part of said claim has been paid. The concluding paragraph of this Departmental Report states: "The Department admits that the amount of the claim of $2,493.22 is a proper and a just claim. The Department denies any liability for interest, as the petitioner did not file any statement of claim until October 28, 1963, and admitted it was due to his oversight."

Section 22 of the Court of Claims Act in part provides as follows: "Every claim cognizable by the Court, arising out of a contract and not otherwise sooner barred by law, shall be forever barred from prosecution therein unless it is filed with the Clerk of the Court within five (5) years after it first accrues." An examination of claimant's petition indicates that the first two amounts for $230.85 and $340.71 would have accrued on June 30, 1958 and June 30, 1959, respectively, and would, therefore, be barred by the limitations contained in Section 22 of the Court of Claims Act.

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed,

it would enter an award for the amount due. *Rockford Memorial Hospital Association, A Corporation,* vs. *State of Illinois,* Case No. 5165, opinion filed September 25, 1964; *American Oil Company, Inc., A Corporation,* vs. *State of Illinois,* Case No. 5109, opinion filed June 26, 1964. It appears that all qualifications for an award have been met in the instant case except with relation to the amounts that have been barred by Section 22 of the Court of Claims Act.

Claimant, Goedde Lumber Company, an Illinois Corporation, is hereby awarded the sum of $1,921.66.